UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION


FILED
NOV 1 ? 2013
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-30073 |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| SETH STONE, | |
| Defendant. | |

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney. The Agreement is as follows:

**A. ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDERSTANDING OF MAXIMUM PENALTIES:** The Defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands same. The Defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

**B. PLEA AGREEMENT PROCEDURE – NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION:** The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to

Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, which, among other things, authorize the United States to move for dismissal of other charges and to make recommendations or agree not to oppose the Defendant's request for a particular sentence. Such agreements and recommendations are not binding on the Court, and the Defendant may not withdraw his plea of guilty if the Court rejects them.

**C. PLEA OF GUILTY TO CHARGE AND DISMISSAL OF OTHER CHARGES:** The Defendant will plead guilty to Count III of the Indictment filed in this case which charges Witness Tampering, in violation of 18 U.S.C. § 1512(b)(2)(B). The charge carries a maximum sentence of 20 years in prison, a $250,000 fine, or both; 3 years of supervised release, a violation of condition of release could result in 2 years additional incarceration. There is a $100 assessment to the Federal Crime Victims Fund. Restitution may also be ordered.

Upon acceptance of the plea by the Court and the imposition of sentence, this section shall be treated as a motion to dismiss the remaining counts of the Indictment as it pertains to the Defendant, pursuant to the terms of this plea agreement.

**D. VIOLATION OF TERMS AND CONDITIONS:** The Defendant acknowledges and understands that if he violates the terms of this plea agreement, engages in any further criminal activity, or fails to appear for sentencing, this plea agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

(1) All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2) The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from him in those additional prosecutions.

(3) The United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

**E. ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he: (1) complies with the terms of this plea agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

**F. JOINT RECOMMENDATION REGARDING SENTENCE - PROBATION:** With respect to sentencing, the United States, the Defendant, and the Attorney for the Defendant, agree that they will recommend that the Court place the Defendant on 5 years probation and upon such terms and conditions as the Court deems appropriate, including that the Defendant will refrain from using the internet during the term of his probation, until such time as his mental health counselor and probation officer determine the Defendant may resume said activities.

Any request for early termination of probation must be approved by the United States Attorney's Office, which consent shall not be unreasonably withheld. No such request may be brought if the Defendant has failed to follow the terms of his probation.

**G. AGREEMENT FOR MENTAL HEALTH EVALUATION:** The United States, the Defendant, and the Attorney for the Defendant, agree the Defendant will undergo a mental health evaluation within 60 days of sentencing. The Defendant agrees to provide a release to his probation officer and the Court so that they may determine that the evaluation has been completed and that the Defendant is following through with all recommendations of his mental health evaluation.

**H. NO FURTHER PROSECUTION:** The United States agrees that there will be no further federal criminal prosecution of the Defendant, in the District of South Dakota, based on the information and evidence now available to the United States in relation to any computer information obtained in this case.

**I.     SPECIAL ASSESSMENT:** The Defendant agrees to remit to the U.S. Clerk of Court, 225 S. Pierre Street, # 405, Pierre, SD 57501, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $100, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

**J.     RESTITUTION:** The United States will seek restitution pursuant to 18 U.S.C. §§ 3663 and 3663A. Defendant is responsible for any appropriate restitution claims from the victim identified in the Indictment, M.Y.

**K.     MONETARY OBLIGATIONS – DEFENDANT'S ONGOING DUTY:** If the Defendant does not have sufficient financial resources to immediately satisfy the financial obligations imposed upon him at sentencing the Defendant agrees, if requested by the United States, to promptly execute and return an executed Authorization to Release Financial Records and Documents, an executed Authorization to Release Tax Returns and Attachments and an executed Financial Statement. The Defendant understands that this is an ongoing duty which continues until such time as payment is remitted in full. Also the Defendant may be required to furnish the requested information, as well as current earnings statements and copies of his W-2s even if the request is made after he has been sentenced.

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case.

The Defendant also agrees that if he is incarcerated, he will participate in the Bureau of Prison's Inmate Financial Responsibility Program during any

5

period of incarceration in order to pay any financial obligations ordered by the Court. The Defendant's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources. If there is no period of incarceration ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

L. **RESERVING THE RIGHT TO REBUT OR CLARIFY MITIGATION INFORMATION:** The United States reserves the right to rebut or clarify matters set forth in the presentence investigation report, or raised by the Defendant in mitigation of his sentence, with evidence and argument.

M. **BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for his guilty plea in this case, and is a true and accurate statement of his actions or omissions with regard to the charges to which he is entering a plea, and that the Court may rely thereon in determining the basis for his plea of guilty as provided for in this plea agreement.

N. **WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

O. **PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**P. SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**Q. WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to Depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose and upward departure of an upward variance pursuant to 18 U.S.C. § 3553(a).

### SUPPLEMENT TO PLEA AGREEMENT

The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Standing Order.

BRENDAN V. JOHNSON
United States Attorney

11/18/13
Date

Troy R. Morley
Assistant United States Attorney
225 S. Pierre Street, # 337
Pierre, SD 57501
Telephone: (605) 224-5402
E-Mail: Troy.Morley@usdoj.gov

7

APPROVED:
BRENDAN V. JOHNSON
United States Attorney
By:

_____
RANDOLPH J. SEILER
First Assistant United States Attorney

11-18-13
Date

_(signature)_
Seth Stone
Defendant

11/18/13
Date

_(signature)_
David Wilson
Attorney for Defendant

11/18/13
Date

_(signature)_
Brad Schreiber
Attorney for Defendant